UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

EASTMAN KODAK COMPANY,

                    Plaintiff,

- vs -

DAVID B. FINGERHUT,

                    Defendant.

Civil Action No. 05-10108

FILED IN CLERKS OFFICE
2005 JAN 18 A 11: 47

RECEIPT # 61190
AMOUNT $ 150.00
SUMMONS ISSUED 1
LOCAL RULE 4.1 —
WAIVER FORM —
MCF ISSUED
BY DPTY. CLK MP
DATE 1/18/05

MAGISTRATE JUDGE MBB

## COMPLAINT

Plaintiff Eastman Kodak Company ("Kodak"), by its attorneys, as and for its Complaint, alleges:

### PARTIES AND JURISDICTION

1. Kodak is a New Jersey corporation with a principal place of business at 343 State Street, Rochester, New York.

2. Upon information and belief, defendant David B. Fingerhut is a resident of Westford, Massachusetts. Defendant has been an employee of Kodak since February 2000.

3. This action arises under the trademark and unfair competition laws of the United States, 15 U.S.C. §§ 1051 et seq.

4. Jurisdiction of the court is based on 28 U.S.C. §§ 1331, 1338, and 1367.

5. Upon information and belief, Defendant resides in this District and is subject to personal jurisdiction pursuant to Mass. Gen. Laws ch. 223A, § 2.

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

R823387.1

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

### Kodak's trademark rights

7. Kodak manufactures a wide variety of photographic and imaging products ("KODAK Products").

8. To identify KODAK Products and services for KODAK Products sold under its aegis, Kodak has extensively employed and caused to be advertised and publicized throughout the world, including the United States, numerous trademarks and service marks including the word "KODAK." Kodak was the first to adopt and use this mark as a trademark and service mark and is the owner of this mark.

9. Kodak has registered the KODAK mark in the United States Patent and Trademark Office as a trademark and as a service mark and has obtained numerous U.S. registrations including the following: Nos. 195,218, 387,692, 389,813, 396,694, 396,975, 397,225, 398,144, 399,092, 399,847, 406,762, 429,457, 692,796, 747,655, 763,542, 962,744, 1,320,758, 1,334,148, 1,341,842, and 2,709,564. Kodak has also obtained U.S. registrations for other marks including the word "KODAK" and various design marks including the following: 928,096, 936,068, 969,666, 1,314,561, 1,429,641, 2,033,737, 2,040,245, and 2,078,707. In addition, Kodak has obtained U.S. trademark registrations 2,615,543 and 2,861,300 for EASYSHARE.

10. The foregoing registrations are in full force and effect, unrevoked, and uncancelled. Most of these marks are incontestable under 15 U.S.C. § 1065.

11. Kodak has earned billions of dollars in revenue from the sale of KODAK Products.

12. Over the past five years, Kodak has incurred millions of dollars in advertising and promotional expenses relating to KODAK Products.

13. In consequence of Kodak's efforts and expenditures, substantial goodwill has been built up for Kodak's trade name, trademarks and service marks, including the KODAK mark, and for the products and services sold under this mark.

### Kodak's online photo service and Defendant's infringing activities

14. A highly significant component of Kodak's consumer digital photography business is the online photo service operated by Ofoto Inc., a wholly owned subsidiary of Kodak. This service has more than 18 million current members and is compatible with pictures taken by all major brands of consumer digital cameras.

15. Kodak's online photo service has heretofore operated under the name Ofoto, with the website address ofoto.com. In the second half of 2004, Kodak launched an internal, confidential project to develop a new name for the online service. Upon information and belief, Defendant was aware, from Kodak confidential information entrusted to him in the course of his employment, that such rebranding efforts were underway.

16. On October 6, 2004, Kodak obtained registration of the domain name kodakgallery.com.

17. Acting without Kodak's permission, authorization, or approval, Defendant thereafter obtained registrations of the domain names kodakgalery.com, kodakgallary.com, kodakgallary.info, kodakgallery.info, and kodakgallery.org.

18. On November 10, 2004, Defendant informed Paul Schwartz, a co-worker at Kodak, that he had "just bought kodakgalery.com as a gamble." On November 19, 2004,

Defendant further informed Schwartz that he intended to seek "$2.5 big ones" from Kodak for the domain names he had registered.

19. On December 9, 2004, Defendant learned, from Kodak confidential information entrusted to him, that KODAK EASYSHARE GALLERY had been selected as the new name for Kodak's online photo service, with kodakgallery.com as the new website name.

20. Upon information and belief, shortly after receiving the foregoing information, Defendant obtained a registration for the domain name kodakeasysharegallery.com. This registration was obtained without Kodak's permission, authorization, or approval.

21. Referring to the domain registrations he had obtained, Defendant commented to Schwartz on December 9, 2004: "No inquiries or offers yet."

22. On December 10, 2004, Defendant boasted to Schwartz that "[a] year from now there will be millions of users happily using MY kodakeasysharegallery.com. All I have to do redirect it again, so that I get the free print credits for ALL new accounts that get opened."

23. On December 15, 2004, in an e-mail to former Kodak employee Mary Lynn Davis, Defendant elaborated on his plan: "I'm going to redirect the one I own to be a URL which will direct them to ofoto but with the info which will give me free prints when they join. Either that or wait a year until there are millions of people with their browser favorites set to my url, then switch it to point to davidfingerhut.com."

24. On January 5, 2005, Kodak announced a name change for its online photo service, from Ofoto to KODAK EASYSHARE Gallery, effective March 31, 2005, with the website address to change from ofoto.com to kodakgallery.com.

25. Upon information and belief, Defendant has electronically sent Kodak documentation to non-Kodak e-mail address, dfingerhut@comcast.net, during the past month.

26. Upon information and belief, Defendant has intentionally, willfully and wantonly violated Kodak's rights in its registered trademark and has committed breach of fiduciary duties owed to Kodak by using for intended personal gain confidential Kodak information entrusted to him in the course of his employment by Kodak.

## FIRST CLAIM FOR RELIEF

## VIOLATION OF ANTICYBERSQUATTING CONSUMER PROTECTION ACT

27. Kodak repeats and realleges each and every allegation in paragraphs 1 through 26.

28. Defendant has been and is engaged in trademark infringement in violation of Section 43(d)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(d)(1)(A).

29. By reason of Defendant's actions, Kodak has been seriously and irreparably damaged and, unless Defendant is restrained therefrom, Kodak will continue to be so damaged.

30. Kodak has no adequate remedy at law.

## SECOND CLAIM FOR RELIEF

## TRADEMARK INFRINGEMENT AND
## UNFAIR COMPETITION

31. Kodak repeats and realleges each and every allegation in paragraphs 1 through 30.

32. Defendant has been and is engaged in trademark infringement and unfair competition in violation of Sections 32(1) and 43(a) of the Lanham Act, 15 U.S.C. §§ 1114(1) and 1125(a).

33. Defendant's acts have affected interstate commerce in violation of Section 43(a) of the Lanham Act, as amended, 15 U.S.C. § 1125(a).

34. By reason of Defendant's actions, Kodak has been seriously and irreparably damaged and, unless defendant is restrained therefrom, Kodak will continue to be so damaged.

35. Kodak has no adequate remedy at law.

## THIRD CLAIM FOR RELIEF

## TRADEMARK DILUTION

36. Kodak repeats and realleges each and every allegation in paragraphs 1 through 35.

37. By virtue of the long-standing use, voluminous and continuous advertising and strong consumer recognition, the KODAK mark has become a very strong and famous mark.

38. Defendant's use of the KODAK mark constitutes commercial use in commerce of a famous mark that is likely to cause injury to Kodak's business reputation and

dilute the distinctive quality of the KODAK mark, all in violation of Kodak's rights as set forth in Section 43(c) of the Lanham Act, as amended, 15 U.S.C. § 1125(c).

39. By reason of Defendant's actions, Kodak has been seriously and irreparably damaged and, unless Defendant is restrained therefrom, Kodak will continue to be so damaged.

40. Kodak has no adequate remedy at law.

## FOURTH CLAIM FOR RELIEF

## BREACH OF FIDUCIARY DUTY

41. Kodak repeats and realleges each and every allegation in paragraphs 1 through 40.

42. Kodak entrusted confidential information to Defendant in the course of his employment by Kodak with the understanding that such information would be maintained as confidential, be used for Kodak's benefit, not be used for Defendant's personal gain, and not be used to Kodak's detriment.

43. As a result of his employment by Kodak and the trust placed in him by Kodak, Defendant owed Kodak various fiduciary duties, including duties of trust, loyalty, honesty, confidentiality, and fair dealing.

44. Defendant has breached fiduciary duties owed to Kodak.

45. Kodak has been damaged as a result of such conduct.

**WHEREFORE,** Kodak demands judgment:

(1) permanently restraining and enjoining Defendant and all persons acting in concert with Defendant from infringing the trademarks of Kodak and from committing further breach of fiduciary duties, and specifically from:

(a) making any further use of any domain name containing the words "KODAK" or "EASYSHARE";

(b) obtaining any further registrations of domain names containing the words "KODAK" or "EASYSHARE";

(c) committing any other act which infringes the trade name, trademarks or service marks of Kodak;

(d) disclosing or using for personal gain any Kodak confidential information disclosed to him in the course of his employment by Kodak;

(2) requiring Defendant to transfer and assign to Kodak all rights in any and all domain name registrations obtained by Defendant containing the words "KODAK" or "EASYSHARE";

(3) awarding Kodak:

(a) compensatory damages in an amount to be determined at trial arising out of the foregoing acts of infringement and breach of fiduciary duty, with said damages trebled pursuant Section 35 of the Lanham Act, 15 U.S.C. § 1117;

(b) Defendant's profits as a consequence of the acts of infringement and an accounting of said profits;

(c) Should Kodak so elect, statutory damages pursuant to 15 U.S.C. § 1117(d), in the amount of not less than $1,000 and not more than $100,000 per domain name, as the Court considers just;

(d) the costs of the action; and

  (e) Kodak's reasonable attorney fees incurred herein; and

(4) granting such other relief as the Court considers just.

Dated: January 18, 2005

              NIXON PEABODY LLP

              */s/ Mark D. Robins*
              Richard D. Rochford, Esq. (BBO# 423950)
              Mark D. Robins, Esq. (BBO# 559933)
              100 Summer Street
              Boston, Massachusetts 02110-2131
              Tel: (617)-345-1000

              Attorneys for Plaintiff
              Eastman Kodak Company

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

**FILED IN CLERK'S OFFICE**

1. Title of case (name of first party on each side only) __Eastman Kodak Company v. David D. Offinger__ [?]

   2005 JAN 18 A 11:47

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (see local rule 40.1(a)(1)).

   U.S. DISTRICT COURT
   DISTRICT OF MASS.

   ☐ I. 160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   ☒ II. 195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730, 740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.   *Also complete AO 120 or AO 121 for patent, trademark or copyright cases

   ☐ III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310, 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371, 380, 385, 450, 891.

   ☐ IV. 220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660, 690, 810, 861-865, 870, 871, 875, 900.

   ☐ V. 150, 152, 153.

   *05-10108 EFH*

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

   _____

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?

   YES ☐   NO ☒

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)

   YES ☐   NO ☒

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?

   YES ☐   NO ☐

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?

   YES ☐   NO ☒

7. Do **all** of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).

   YES ☒   NO ☐

   A. If yes, in which division do **all** of the non-governmental parties reside?

      Eastern Division ☒   Central Division ☐   Western Division ☐

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?

      Eastern Division ☐   Central Division ☐   Western Division ☐

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)

   YES ☐   NO ☐

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME  Mark D. Robins
ADDRESS  Nixon Peabody LLP, 100 Summer Street, Boston, MA 02110
TELEPHONE NO.  617-345-1000

(Coversheetlocal.wpd - 10/17/02)

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Eastman Kodak Company

**DEFENDANTS**
David B. Pangrazio

(b) County of Residence of First Listed Plaintiff: Monroe County, New York
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: Middlesex
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Mark D. Robins, Nixon Peabody LLP
100 Summer St., Boston, MA 02110   617-345-1000

Attorneys (If Known)

05 CV 10108 EFH

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability / **PERSONAL PROPERTY** / ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☒ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment / **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations / ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights / ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify)   ☐ 6 Multidistrict Litigation   ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 U.S.C. §§ 1114, 1125
Brief description of cause:
Trademark infringement

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ 

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____   DOCKET NUMBER _____

DATE 1/18/05
SIGNATURE OF ATTORNEY OF RECORD
/s/ Mark D. Robins

**FOR OFFICE USE ONLY**
RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____