UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2005 JAN 18 A 11: 47

U.S. DISTRICT COURT
DISTRICT OF MASS.

EASTMAN KODAK COMPANY,

Plaintiff,

- vs -

DAVID B. FINGERHUT,

Defendant.

Civil Action No.

**05-10108 EFH**

# DECLARATION OF MARK D. ROBINS
## PURSUANT TO FED. R. CIV. P. 65

Mark D. Robins hereby avers the following:

1. I am a partner of Nixon Peabody LLP, attorneys for Eastman Kodak Company ("Kodak"). I make this declaration in support of Kodak's motion for a temporary restraining order and preliminary injunction.

2. Fed. R. Civ. P. 65 provides that a temporary restraining order may be granted without written or oral notice to the adverse party of that party's attorney if "(1) it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition, and (2) the applicant's attorney certified to the court in writing the efforts, if any, which have been made to give the notice and the reasons supporting the claim that notice should not be required."

3. As set forth in the accompanying affidavits of Ben K. Gibson, Richard T. Allen, Dianne G. Harrington, and Gregory M. Schweers, Defendant David B. Fingerhut, a Kodak

R823807.1

employee, has engaged in serial violations of the federal Anticybersquatting Consumer Protection Act ("ACPA"), 15 U.S.C. § 1125(d)(1)(A), by surreptitiously obtaining registrations of multiple domain names containing the famous KODAK trademark and EASYSHARE, another trademark owned by Kodak.

4.    The evidence establishes that Defendant obtained these registrations as the result of misuse of confidential information entrusted to him in the course of his employment at Kodak. Specifically, Defendant had prior, confidential knowledge regarding the recently announced rebranding of the online photo service operated by Kodak subsidiary Ofoto, Inc., by which the name of the service will be changed to KODAK EASYSHARE GALLERY and the URL will be changed to kodakgallery.com. Armed with this knowledge, Defendant surreptitiously obtained, without the permission, authorization, or approval of Kodak, registrations for the domain names kodakgalery.com, kodakgallary.com, kodakgallary.info, kodakgallery.info, kodakgallery.org, and kodakeasysharegallery.com.

5.    This infringement of Kodak's trademarks poses irreparable harm to Kodak. Kodak has invested substantial resources in the rebranding of the online photo service, which has in excess of 18 million current members. Further, in addition to the branding information which he has misused, Defendant has been privy to other highly confidential information regarding Kodak technology and business strategies and plans, including Kodak's product family and technical roadmaps, through 2006 and 2007, regarding digital cameras, home printing, kiosk and retail platforms, digital imaging services, and online photo services. Kodak is gravely concerned that Defendant's serial violations of the ACPA evidence a propensity to misuse Kodak confidential information, putting at risk the entire body of highly sensitive information that has been entrusted to Defendant.

6. Because there is a real and imminent risk that Defendant will (i) transfer the illegally obtained domain registrations to a third party, and (ii) misuse other highly sensitive Kodak confidential information to Kodak's serious and irreparable detriment, Kodak has not notified Defendant of its intention to seek a temporary restraining order. Because notice to Defendant could trigger the very irreparable harm sought to be prevented, Kodak is entitled to an ex parte temporary restraining order.

7. I respectfully submit to that Court that all of these reasons, as fully supported by the facts set forth in the Gibson, Allen, Harrington, and Schweers Declarations, constitute compelling cause for issuing a temporary restraining order without notice.

8. Accordingly, I respectfully urge the Court to issue a temporary restraining order prohibiting Defendant from registering further domain names in violation of the ACPA, from transferring the illegal registrations he has obtained to any third party, from making any personal use of those illegal registrations, from disclosing to any third party or otherwise misusing information concerning Kodak confidential matters entrusted to him in the course of his employment, from taking any steps to transfer, secrete, alter, or conceal any documents or electronic information acquired in the course of his employment, and from deleting, altering, overwriting, or rendering inaccessible any information contained in any source of computer storage media in Defendant's possession, custody, or control so that forensic examination may be conducted.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on January 18, 2005

_____
MARK D. ROBINS