UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

EASTMAN KODAK COMPANY,

                  Plaintiff,

- Vs. -

DAVID B. FINGERHUT,

                  Defendant.

Civil Action No. 05 10108 EFH

## DECLARATION OF BEN K. GIBSON, SR.

Ben K. Gibson, Sr. hereby avers the following:

1. I am Chief Technical Officer of Digital and Film Imaging Systems for Eastman Kodak Company ("Kodak"). I make this declaration in support of Kodak's motion for a temporary restraining order and preliminary injunction. I have personal knowledge of the facts set forth herein or believe them to be true to the best of my knowledge, information, and belief.

2. As Chief Technical Officer, I have direct responsibility for Kodak's EASYSHARE software system. This system, initially developed for use with digital cameras, has been the subject of extensive ongoing investment by Kodak, in terms of technical development as well as marketing. Kodak has developed this system to be integrated with other Kodak products and services, such as the on line photo service operated by Kodak subsidiary Ofoto, Inc. ("Ofoto").

2. David Fingerhut, the defendant, is employed at Kodak as a Manager. He has been a SW development lead with respect to the Windows platform for EASYSHARE software.

R823762.1

3.      In connection with his duties at Kodak, Mr. Fingerhut is privy to extensive confidential information regarding branding strategies. As a manager and SW development lead for EASYSHARE software, he is provided with advance knowledge of various branding decisions so that the selected names can be built into the software, in the form of URLs, marketing phrases, and logos. Among other things, Mr. Fingerhut had knowledge, in advance of the public announcement earlier this month, that "Kodak EasyShare Gallery" had been selected as the new name for the on line service operated by Ofoto, and that kodakgallery.com had been selected as the URL for that service.

4.      As a Manager, Mr. Fingerhut has also been privy to extensive, highly confidential information regarding Kodak technology and business strategies and plans. This highly sensitive information includes Kodak's product family plans and technical roadmaps, through 2006 and 2007, regarding digital cameras, home printing, kiosk and retail platforms, Kodak Professional products, and online digital imaging services. Public disclosure of this information would put Kodak at a severe competitive disadvantage and would put at many millions of dollars of investment at direct risk.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on January 17, 2005

_____
BEN K. GIBSON, SR.