UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

FILED
IN CLERK'S OFFICE

2005 JAN 18  A 11: 47

U.S. DISTRICT COURT
DISTRICT OF MASS.

EASTMAN KODAK COMPANY,

                Plaintiff,

- vs -

DAVID B. FINGERHUT,

                Defendant.

Civil Action No.

05 cv 10108 EFH

### DECLARATION OF DIANNE G. HARRINGTON

Dianne G. Harrington hereby avers the following:

1. I am employed by Plaintiff Eastman Kodak Company ("Kodak") as a Paralegal for the Marketing, Antitrust, Trademark and Litigation Legal Staff. I make this declaration in support of Kodak's motion for a temporary restraining order and preliminary injunction. I have personal knowledge of the facts set forth herein or believe them to be true to the best of my knowledge, information, and belief.

2. Kodak manufactures a wide variety of photographic and imaging equipment and supplies. In connection with its business, Kodak has made extensive use throughout the world, including the United States, of numerous trademarks and service marks including the word "KODAK." Kodak's use of the mark began over 100 years ago. Kodak was the first to adopt and use this mark as a trademark and service mark and is the owner of this mark.

3. Kodak has registered the KODAK mark in the United States Patent and Trademark Office as a trademark and as a service mark and has obtained numerous U.S.

R823272.1

registrations including the following: Nos. 195,218, 387,692, 389,813, 396,694, 396,975, 397,225, 398,144, 399,092, 399,847, 406,762, 429,457, 692,796, 747,655, 763,542, 962,744, 1,320,758, 1,334,148, 1,341,842, and 2,709,564. Kodak has also obtained U.S. registrations for other marks including the word "KODAK" and various design marks including the following: 928,096, 936,068, 969,666, 1,314,561, 1,429,641, 2,033,737, 2,040,245, and 2,078,707. In addition, Kodak has obtained U.S. trademark registrations 2,615,543 and 2,861,300 for EASYSHARE. True and accurate copies of the certificates for the foregoing registrations are attached hereto as Exhibits 1-29.

4. The foregoing registrations are in full force and effect, unrevoked, and uncancelled. Most of these marks are incontestable under 15 U.S.C. § 1065.

5. Kodak has earned billions of dollars in revenue from the sale of KODAK products. Over the past five years alone, Kodak has incurred millions of dollars in advertising and promotional expenses relating to KODAK products.

6. In consequence of Kodak's efforts and expenditures, substantial goodwill has been built up for Kodak's trade name, trademarks and service marks, including the KODAK mark, and for the products and services sold under this mark.

7. Kodak obtained registration of the domain name kodakgallery.com on October 6, 2004.

8. Information obtained from Whois, an online service, indicates that David B. Fingerhut registered the following domain names on the following dates, listing himself as registrant: kodakgalery.com, kodakgallary.com, and kodakgallary.info on November 11, 2004; kodakgallery.info and kodakgallery.org on November 12, 2004; and kodakeasysharegallery.com on December 9, 2004. All of the foregoing registrations were obtained without the permission, authorization, or approval of Kodak.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on January _17_, 2005

_____
DIANNE G. HARRINGTON

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CLERK'S NOTICE

This document can not be scanned due to its size, or the way in which it was bound.

The original is available for viewing in the Clerk's Office.