UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2005 JAN 18  P 1:03

U.S. DISTRICT COURT
DISTRICT OF MASS.

EASTMAN KODAK COMPANY,

Plaintiff,

- vs -

DAVID B. FINGERHUT,

Defendant.

Civil Action No.
05-10108-EFH

## TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE

Upon reading the Declaration of Ben K. Gibson dated January 17, 2005, the Declaration of Richard T. Allen dated January 17, 2005, the Declaration of Dianne G. Harrington dated January 17, 2005, the Declaration of Gregory M. Schweers dated January 17, 2005, and the Declaration of Mark D. Robins dated January 18, 2005, and upon all of the pleadings and proceedings had herein,

LET the above named Defendant show cause before the United States District Court for the District of Massachusetts, at the U.S. Courthouse, John Joseph Moakley U.S. Courthouse, 1 Courthouse Way, Boston, Massachusetts 02210, on the 27 day of January, 2005, at 10:00 AM, why an order should not be made granting a preliminary injunction pursuant to Fed. R. Civ. P. 65 restraining Defendant (i) from registering further domain names containing the words KODAK or EASYSHARE or other trademarks owned by Plaintiff Eastman Kodak Company ("Kodak"), (ii) from transferring to any third party any of the registrations he has already obtained containing such trademarks, (iii) from making any personal use of those

BOS1454479.1

registrations, (iv) from disclosing to any third party or otherwise misusing information concerning confidential matters entrusted to him in the course of his employment at Kodak., and (v) from taking any steps to transfer, secrete, alter, or delete any source of computer storage media in Defendant's possession, custody, or control pending imaging under a protocol for forensic examination and any other necessary retrieval.

ORDERED, that pending the hearing of this motion, Defendant shall be restrained (i) from registering further domain names containing the words KODAK or EASYSHARE or other trademarks owned by Kodak, (ii) from transferring to any third party any of the registrations he has already obtained containing such trademarks, (iii) from making any personal use of those registrations, (iv) from disclosing to any third party or otherwise misusing information concerning confidential matters entrusted to him in the course of his employment at Kodak., (v) from taking any steps to transfer, secrete, alter, or conceal any documents or electronic information acquired in the course of his employment by Kodak or concerning his registration of domain names containing the words KODAK or EASYSHARE, and (iv) from deleting, altering, overwriting, or rendering inaccessible any information contained in any source of computer storage media in Defendant's possession, custody, or control.

ORDERED that service of the Summons and Complaint and of this Temporary Restraining Order and Order to Show Cause, together with copies of the papers in support thereof, shall be made by delivering true copies thereof to Defendant in person or by delivering true copies thereof by overnight commercial courier to Defendant at his residence in Westford, Massachusetts.

ORDERED that answering papers, if any, be filed with this Court and served upon Plaintiff's counsel, Nixon Peabody LLP, attn: Mark D. Robins, 100 Summer Street, Boston, Massachusetts on or before _Jan. 26_, 2005, at _10:00_ o'clock _A_.M.; and it is further

ORDERED that reply papers, if any, be served by facsimile on counsel for Defendant on or before *Jan. 27*, 2005, at *10:00* o'clock *A*.M.

ORDERED, that the temporary restraining order issued herein will expire on *Jan. 28*, 2005, unless within such time the order is extended for good cause shown, or unless the Defendant consents to an extension.

**IT IS SO ORDERED**

Dated: January *18*, 2005

_____
EDWARD F. HARRINGTON
United States District Court Judge