SCANNED
DATE: 1/31/05
BY: M.P.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

2005 JAN 26  P 4:53

| | |
|---|---|
| EASTMAN KODAK COMPANY,<br><br>Plaintiff,<br><br>- vs -<br><br>DAVID B. FINGERHUT,<br><br>Defendant. | **Civil Action No.**<br>**05-10108-EFH** |

## SETTLEMENT AGREEMENT

WHEREAS, Eastman Kodak Company ("Kodak") and David B. Fingerhut ("Fingerhut") are parties to a lawsuit pending in the United States District Court for the District of Massachusetts (the "Litigation");

WHEREAS, Kodak commenced the Litigation against Fingerhut with a complaint alleging trademark infringement in violation of 15 U.S.C. §§ 1114(1), 1125(a), 1125(c), and 1125(d)(1)(A), and breach of fiduciary duty under the common law of the State of Massachusetts;

WHEREAS, Kodak and Fingerhut desire to compromise and settle all matters raised in the Litigation to avoid further expenditures of time and money relating to further litigation and the uncertain outcome thereof;

WHEREAS, Kodak and Fingerhut have freely entered into this Settlement Agreement;

NOW THEREFORE, in consideration of the mutual undertakings and promises set forth herein, the sufficiency of which is acknowledged, it is agreed and understood as follows:

2/2/05 - Settlement Agreement approved.

Edward F. Harrington, S.D.J.

R823840.1

1. The parties will execute and Kodak will file with the Court the Consent Judgment and Permanent Injunction in the form attached hereto as Exhibit A.

2. Fingerhut will immediately transfer to Kodak all right, title, and interest in the domain name registrations for kodakgalery.com, kodakgallary.com, kodakgallary.info, kodakgallery.info, kodakgallery.org, and kodakeasysharegallery.com, as well as all other domain name registrations obtained by Fingerhut which contain the words KODAK, EASYSHARE, or any other trademark owned by Kodak. Fingerhut will immediately execute all documents necessary to effectuate such transfers, including without limitation all necessary Registrant Name Change forms.

3. Fingerhut will immediately return to Kodak all data and documents (whether in paper form, electronic form, or otherwise) in his possession, custody or control which constitute or contain information obtained by Fingerhut in the course of his employment by Kodak. Fingerhut will not retain copies of any such data or documents.

4. Kodak's claims against Fingerhut in the Litigation will be deemed fully resolved by the Consent Judgment and Permanent Injunction, subject to Fingerhut's compliance with the same and with the terms of this Settlement Agreement.

5. If further litigation takes place to enforce the terms of this Settlement Agreement, the prevailing party in such further litigation will be entitled to recover costs and attorney fees.

6. This Settlement Agreement will be binding and inure to the benefit of the parties hereto and their respective heirs, executors, administrators, officers, agents, sales representatives, distributors, servants, employees, subsidiaries, divisions, successors, assigns and transferees.

R823840.1

- 3 -

7.      This Settlement Agreement is intended as a complete and exclusive statement of the agreement between the parties with respect to the matters contemplated hereby and cannot be changed or terminated orally and merges all prior understandings, representations, and undertakings between the parties.

8.      If any provision of this Settlement Agreement is held to be indefinite, invalid, illegal, or otherwise void, voidable, or unenforceable by a court of competent jurisdiction, such provision will be curtailed and limited to the extent necessary to bring it within the requirements of the law. The validity, legality, and enforceability of the remaining provisions will not in any way be affected or impaired.

9.      This Settlement Agreement will be governed by and construed under the laws of the State of Massachusetts. Any litigation to enforce this Settlement Agreement shall be brought in the United States District Court for the District of Massachusetts.

10.     This Settlement Agreement may be executed in two or more counterparts, including pages sent by facsimile, all of which will constitute one and the same instrument.

IN WITNESS WHEREOF, KODAK and Fingerhut have executed this Settlement Agreement on the dates set forth opposite their names below.

EASTMAN KODAK COMPANY

Dated: January 25, 2005       By: _____
                              DCS/ Gary P. VanGraafeiland
                              Its:  General Counsel

Dated: January 18, 2005       DAVID B. FINGERHUT

                              _____

R823840.1